**Jean DOZIER, Appellant,**

v.

**Margaret M. HECKLER, Appellee.**

No. 84–1877.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1984.

Decided Feb. 6, 1985.

James W. Stanley, Jr., North Little Rock, Ark., for appellant.

Thomas Stanton, and Marguerite Lokey, Dallas, Tex., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Jean Dozier appeals from a judgment of the district court affirming a decision of the Secretary of Health and Human Services (Secretary) denying her claim for supplemental security income disability benefits. For the reasons discussed below, we reverse and remand.

## FACTS

Appellant was born in 1944, has a tenth grade education and last worked in 1970 at a factory assembly job. In May 1981 she filed a claim for disability benefits. After her claim was denied initially and on reconsideration, appellant, who was represented by counsel, appeared before an administrative law judge (ALJ).

At the January 1982 hearing appellant testified that she had migraine headaches two to three times a week. According to her testimony, the headaches came on without warning, were accompanied by nausea and vomiting, affected her vision and made her weak. Appellant also testified that she had severe pain from a recurring infection in her right toe and from a "pulled muscle" in her back. Further, she stated that she suffered from "nerves" and had taken anti-depressants.

In response to a question from the ALJ concerning her infrequent visits to her treating physician, Dr. George Mallory, appellant testified that she did not visit the doctor often because her ailments had been consistent and long-term and that all Doctor Mallory did was prescribe medication which she could refill.

Appellant's 16-year-old daughter corroborated her testimony. The daughter stated that she had observed her mother's frequent and debilitating headaches, back and toe problems, and crying spells.

The medical evidence from Dr. Mallory, a general practitioner, is scant. In response to a 1981 questionnaire from the social security administration (SSA), Dr. Mallory merely listed the dates of appellant's visits and the reason for the visits; from June 1970 until April 1981 appellant saw Dr. Mallory fourteen times. During this time, the only tests the doctor indicated that he had performed were a urinalysis, a VDRL, and a pregnancy test. The doctor diagnosed migraine headaches and an infected right toe, for which he had prescribed Darvon, Tetracycline, Valium, and Inderol. The record also contains a 1979 letter from Dr. Mallory stating that appellant would be

unable to work because of her headaches. Apparently after the administrative hearing, appellant's counsel attempted to develop the evidence from Dr. Mallory. By a one-page letter dated February 2, 1983, Dr. Mallory informed counsel that he was furnishing all the information he had on appellant. Again all the doctor did was list the dates and reasons for treatment; the doctor also indicated that he had not treated appellant for a spinal condition.

In 1981, at the request of the SSA, appellant was examined by Dr. J.S. Cobb, an internist. Dr. Cobb noted that appellant had complained of a history of migraine headaches but noted that appellant had not had a significant evaluation of her complaints. After physical and x-ray examination, Dr. Cobb diagnosed chronic anxiety, lumbar scoliosis, and questioned whether appellant had vascular headaches.

In February 1982, the ALJ denied benefits, finding that appellant did not have a severe impairment that significantly affected her ability to perform work-related functions. *See* 20 C.F.R. § 416.920(c), 416.921. The ALJ "carefully considered" appellant's allegations of severe headache and back pain but found the allegations lacked credibility in light of the "medical and other evidence of record to establish the presence of any condition ... that could reasonably be expected to be accompanied by the pain to the degree alleged ...."

## ANALYSIS

 It is well established that "[i]t is the [ALJ's] duty to develop the record fully and fairly even if, as in this case, the claimant is represented by counsel." *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983). In addition, "[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir.1984). The current regulations provide that if a claimant's "medical sources cannot give ... sufficient medical evidence about an impairment ... to determine whether" the claimant is disabled, the Secretary may order a consultative examination. 20 C.F.R. § 416.917.[1] In this case, appellant argues, and we agree, that the ALJ erred by failing to order consultative examinations. We believe that a neurological evaluation of appellant's headaches is necessary. In addition, we believe a psychiatric or psychological and an orthopedic examination are necessary in order to properly evaluate appellant's anxiety and back and toe impairments, and to determine whether her complaints of pain are psychological in origin. *See Ford v. Secretary of Health and Human Services*, 659 F.2d 66, 69 (5th Cir.1981) (consultative psychiatric examination necessary where claimant testified to crying spells and nervousness and social worker noted emotional instability).

After the evidence of appellant's impairments is developed, the Secretary should reevaluate her physical and mental impairments and complaints of pain in accordance with *Polaski v. Heckler*, 751 F.2d 943 at 950 (8th Cir.1984).

Accordingly, the judgment of the district court is reversed and the case is remanded to the district court with instructions to remand the case to the Secretary for further action consistent with this opinion.

1. Section 9(a) of the Social Security Disability Benefits Reform Act of 1984 (Act) Pub.L. No. 98–460, 98 Stat. 1794 (1984), provides that an ALJ must first "make every reasonable effort to obtain from the individual's treating physician ... all medical evidence, including diagnostic tests, necessary in order to properly make [a disability] determination, prior to evaluating medical evidence obtained from any other source on a consultative basis." In this case, it appears that it would be futile for the ALJ to further develop the evidence of appellant's impairments from Dr. Mallory. We note that Dr. Mallory informed appellant's counsel that he had supplied all the information he had and, more importantly, that Dr. Mallory has not attempted to properly evaluate appellant's impairments.

Section 9(a) further provides that the Secretary shall issue detailed regulations concerning the "standards to be utilized ... in determining whether a consultative examination should be obtained in connection with disability determinations[.]"