Donald L. GROW, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. C 88–0074.

United States District Court, N.D. Iowa, Cedar Rapids Division.

Feb. 21, 1989.

**1276**

Thomas J. O'Flaherty, Cedar Rapids, Iowa, for plaintiff.

Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, Iowa, for defendant.

### ORDER

HANSEN, District Judge.

This matter is before the court on plaintiff's motion for summary judgment seeking reversal of the final decision of the Secretary of Health and Human Services, filed August 25, 1988, and defendant's motion to affirm the Secretary's decision, filed November 25, 1988. The court notes plaintiff's reply, filed December 5, 1988.

In this action, plaintiff seeks reversal of the final decision of the Secretary denying plaintiff's claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–33, and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–83c.[1] Plaintiff has exhausted all administrative remedies and the action is properly before the court at this time. The nature of this court's review of the Secretary's final deci-

sion is set out in 42 U.S.C. § 405(g). In particular,

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive....

42 U.S.C. § 405(g).

Briefly, the facts set out in the record are as follows:

Plaintiff has a history of chronic obstructive pulmonary disease and apparently is subject to pneumonia. Furthermore, plaintiff evidences an ulcer, bronchospasms secondary to emphysema, a heart valve click, and claims to have anemia and arthritis. On the alleged onset date of disability, plaintiff was 56 years old. Plaintiff testified at the hearing that he was working two days a week for a newspaper. At the newspaper, he caught paper bundles and put them on skids. The maximum weight he lifted was 20 pounds, and he took a 15 minute break every two hours.

After examining the record and hearing arguments, the Administrative Law Judge (ALJ) determined that the plaintiff has not been engaged in substantial gainful activity since November 2, 1985, the date of the onset of the alleged disability. The ALJ found that medical evidence establishes that plaintiff has chronic obstructive pulmonary disease and a mild systolic click. The ALJ further found that plaintiff's testimony, and the testimony of his wife, lacked the desired level of credibility. The ALJ found that plaintiff's impairments *do* not prevent him from performing his current part-time work on a full-time basis and, in the alternative, if plaintiff was unable to perform this work on a full-time basis, that plaintiff has the residual functional capacity to perform work that exists in significant numbers in the national economy. Accordingly, the ALJ determined

---

**1.** The guidelines for a Title II action, 20 C.F.R. § 404.1501, *et seq.*, subpt. P, are the same for a Title XVI action, 20 C.F.R. § 416.901, *et seq.*, subpt. 1, and the court shall address both claims as one. *McCoy v. Schweiker*, 683 F.2d 1138, 1141 n. 3 (8th Cir.1982).

that plaintiff was not disabled. On that basis, the ALJ denied plaintiff's claim.

Plaintiff's motion contends that the ALJ erred for a variety of reasons. Although the court addresses plaintiff's arguments separately, for the reasons set forth below, plaintiff's motion must fail.

This court's role on review is to determine whether the record, when considered as a whole, provides substantial evidence to support the Secretary's decision that plaintiff is not disabled. *See, e.g., Hall v. Bowen,* 830 F.2d 906, 911 (8th Cir.1987). The substantial evidence test, however, requires more than a mere search of the record for evidence supporting the Secretary's findings; review of the Secretary's decision must also take into account evidence in the record that detracts from the weight of the decision. *See Parsons v. Heckler,* 739 F.2d 1334, 1339 (8th Cir.1984) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)). " 'Substantial evidence is more than a mere scintilla. . . .' It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole." *Celebrezze v. Bolas,* 316 F.2d 498, 501 (8th Cir.1963) (quoting *NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939)).

### Plaintiff's Wife's Credibility

Plaintiff alleges that the ALJ improperly found plaintiff's wife's testimony not fully credible. The transcript shows that plaintiff's wife's testimony merely attempted to corroborate plaintiff's testimony. *See* Tr. 57. Furthermore, "*Smith v. Heckler,* 735 F.2d 312 (8th Cir.1984) directs consideration of testimony of family members but certainly does not mandate belief of such testimony as credible." *Rautio v. Bowen,* 862 F.2d 176, 180 (8th Cir.1988). For these reasons, and the reasons set forth below in discussing the ALJ's credibility determination of plaintiff's testimony, the court determines that the ALJ did not err in assessing plaintiff's wife's credibility.

### Lack of Medication

In part due to plaintiff's sporadic medical treatment, the ALJ found that plaintiff's claims were not fully credible. Plaintiff alleges that this was error because the ALJ did not consider plaintiff's lack of resources. While lack of medication is a valid consideration in determining credibility, plaintiff's lack of financial resources also should be considered. *See, e.g., Benskin v. Bowen,* 830 F.2d 878, 884 & n. 1 (8th Cir.1987). In this case, the ALJ, both at the hearing and in the written opinion, was mindful of the fact that plaintiff had limited financial resources. The ALJ also discussed the fact that plaintiff took prescription medication for some ailments while he did not for others. The ALJ correctly stated that objective medical evidence indicates that plaintiff mentioned certain ailments to his treating physicians but did not mention other alleged ailments to the same treating physicians. Accordingly, the court determines that the ALJ correctly assessed plaintiff's limited financial resources in assessing plaintiff's sporadic medical treatment record. *See, e.g., Benskin,* 830 F.2d at 884 & n. 1.

### Selective Evaluation

Plaintiff alleges that the ALJ did not note that consulting physician Bertroche stated that plaintiff would be unable to do much physical activity. Due to the nature of the jobs listed by the vocational expert in answering the ALJ's hypothetical, the ALJ's residual functional capacity determination is consistent with, rather than contrary to, Dr. Bertroche's statements. Furthermore, other statements by Dr. Bertroche indicate why consulting physicians' reports do not constitute substantial evidence on the record as a whole. *See Lanning v. Heckler,* 777 F.2d 1316, 1318 (8th Cir.1985) (citing cases). Dr. Bertroche stated that "[plaintiff] is not trained for any desk jobs." Tr. 178. However, the vocational expert clearly indicated that plaintiff's prior work as an apartment manager would involve transferable skills. In sum, the court determines that the ALJ did not err in evaluating consulting physician Bertroche's report.

### Work Environment

Plaintiff alleges that the ALJ erred in inconsistently determining what work envi-

ronment plaintiff can work in. The ALJ found that the plaintiff can do his current part-time work, in a dirty work environment, on a full-time basis. *See* Tr. 18, 21. Alternatively, the ALJ found that restrictions on plaintiff's residual functional capacity are that plaintiff "needs to be in a clean environment which entails no extreme temperatures, extreme humidity, or high levels of contaminants." Tr. 21. Rather than an inconsistent finding, the court determines that the ALJ's language merely indicates a sensitivity to plaintiff's physicial ailments in making a residual functional capacity determination. Accordingly, the ALJ did not err.

### Improvement Due To Medication

Plaintiff alleges that the ALJ erred in stating that the medication Theo–Dur "significantly improved" plaintiff's respiratory ailments. As plaintiff accurately suggests, Dr. Schroeder also indicated that plaintiff's Theo–Dur dosage might have to be increased. However, in light of the ALJ's extensive and accurate credibility determination, Tr. 13–19, the court determines that the credibility determination with regard to Dr. Schroeder's report was correct. *See, e.g., Ward v. Heckler,* 786 F.2d 844, 847–48 (8th Cir.1986).

### Stress

Plaintiff argues that he is unable to do everyday work under stressful and competitive conditions. Plaintiff's argument is severely undercut by the fact that he performs part-time work in a competitive situation with physically and environmentally stressful conditions. Although this part-time work does not constitute substantial gainful activity, it is evidence of plaintiff's ability to perform substantial gainful activity. Therefore, plaintiff's claim to the contrary must fail. *Cf. Wheat v. Heckler,* 763 F.2d 1025, 1031 (8th Cir.1985).

### Sedentary Versus Light Work

Plaintiff argues that, because he cannot do the full range of light work, he cannot be considered for work in that category. Accepting as true plaintiff's argument, the court notes that three of the four jobs that the vocational expert stated that plaintiff could perform were sedentary in nature rather than light. *See* Tr. 63–65. Thus, even assuming that plaintiff is precluded from doing light work, his argument that the ALJ erred must fail.

In sum, the hypothetical correctly sets out plaintiff's particular physical and mental impairments that were significant and supported by credible evidence. *See, e.g., Whitmore v. Bowen,* 785 F.2d 262 (8th Cir.1986). The vocational expert opined that plaintiff retains the residual functional capacity to perform substantial gainful employment that exists in significant numbers in the national economy. The court, having found no error in the ALJ's factual or legal determination, finds that the decision is supported by substantial evidence when viewing the record as a whole. *See, e.g., Hall,* 830 F.2d at 911. Accordingly, plaintiff's challenge must fail.

### ORDER:

Accordingly, It Is Ordered:

1. Plaintiff's motion for summary judgment, filed August 25, 1988, is denied.

2. Defendant's motion to affirm the Secretary's decision, filed November 25, 1988, is granted.

3. Plaintiff's complaint shall be dismissed.

Done and Ordered.