Betty J. MATTHEWS, Appellant,

v.

Otis R. BOWEN, Secretary of HHS, Appellee.

No. 88–2731.

United States Court of Appeals, Eighth Circuit.

Submitted May 1, 1989.
Decided July 19, 1989.

Bruce R. Kirby, Springfield, Mo., for appellant.

Edward H. Funsotn, Kansas City, Mo., for appellee.

Before FAGG, Circuit Judge, and FLOYD R. GIBSON and HEANEY, Senior Circuit Judges.

HEANEY, Senior Circuit Judge.

Betty Matthews appeals from an order of the district court affirming a denial of supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* We affirm.

BACKGROUND

Matthews is a forty-seven year old woman seeking SSI because of an inability to work as a result of a back injury. In the last fifteen years, Matthews has held only one job; she worked as an ironer and a folder at the Tri-State Laundry from March to October 1985. She left this job after injuring her back while pulling a heavy laundry cart onto a set of scales and has not worked since that time. Matthews also allegedly suffers from migraine headaches and depression.

The record indicates that Matthews' back injury was first evaluated by Dr. Charles Ash, an orthopaedic surgeon, on November 22, 1985. He performed range of motion tests and noted some abnormality of flexion in the thoracolumbar spine and some tenderness in the thoracic region. He diagnosed Matthews' impairment as postural back pain. Matthews' treating physician, Dr. Marjorie Harmon, monitored the back injury throughout 1986 and 1987, prescribing Methocarbamal[1] for the pain and Fiorinal[2] for Matthews' migraine headaches. The record also shows that Dr. Harmon prescribed Meprobamate[3] in 1977, and Triavil, an antidepressant, in 1986.

At the Secretary's request, Matthews was examined by a consulting physician, Dr. Neu, on January 5, 1987, who found some limitation in the range of motion of Matthews' right shoulder and lumbar spine and concluded that Matthews might suffer from capsulitis[4] in her right shoulder. At Dr. Harmon's request, Matthews was also examined by Dr. Harrington on February 24, 1987. He reported that Matthews possibly suffered from chronic fibromyalgia,[5] that she needed some physical therapy, but might not be a candidate for further treatment.

At the hearing before the ALJ, Matthews testified that her back pain prevented her from standing or walking for longer than 20 minutes and that she was unable to perform light household chores, such as sweeping or vacuuming. She stated that she must sit while she cooks, she must lie down every day for approximately two hours, and she frequently experiences numbness in her right arm and shoulder, cramping in her legs, migraine headaches and nausea. According to Matthews, her headaches occur two to three times a week with a duration of two to three hours. She is able to drive a car, make her bed from time to time, attend church regularly and visit relatives.

DISCUSSION

The ALJ denied Matthews' application for disability benefits. He found that, although Matthews suffered from mild, intermittent shoulder and back strain, and mild situational depression, these impairments were not severe enough to prevent her from performing her past relevant work.[6] We will affirm the ALJ's findings only if supported by substantial evidence on the record as a whole. 42 U.S.C.

---

1. Methocarbamal: used to relieve discomfort associated with acute, painful musculoskeletal conditions. *Physicians' Desk Reference* 314, 1637 (41st ed. 1987) (*PDR*).

2. Fiorinal: used to relieve tension or muscle contraction headaches. *PDR* at 1775.

3. Meprobamate: a muscle relaxant. *PDR* at 314, 2161.

4. Capsulitis: Inflammation of the membranous tissue. *Stedman's Medical Dictionary*, 222 (4th ed. 1976) (*Stedman's*).

5. Fibromyalgia: Muscle pain in fibrous tissues. *Stedman's* at 523, 908.

6. The Secretary categorized Matthews' past work as an ironer and folder in the laundry industry as light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds, walking or standing a good deal of the time, and pushing and pulling arm or leg controls. 20 C.F.R. § 416.967(b).

§ 405(g); *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984).

Matthews contends that the ALJ failed to give adequate weight to her treating physician's opinion, failed to properly assess her psychological impairment, and failed to properly evaluate her subjective complaints of pain. We address each of these arguments in turn.

## A. Treating Physician's Opinion

Matthews' treating physician, Dr. Marjorie Harmon, provided the Secretary with only three documents regarding Matthews' medical impairments: a handwritten note dated December 1, 1986, a set of interrogatory answers dated December 6, 1986, and copies of sketchy handwritten progress notes covering the period of December 1, 1986 to April 21, 1987.

■ Dr. Harmon's letter reads in its entirety: "This woman is in my medical care for recurrent back problems. She is not, in my medical opinion, able to work outside her home." Matthews asserts that this handwritten note from Dr. Harmon satisfies her initial burden of proving an inability to perform her past relevant work and that the ALJ should have given more weight to this opinion. This Court has consistently held that the medical reports of a treating physician are ordinarily entitled to greater weight than the opinion of a consulting physician. *Ward v. Heckler,* 786 F.2d 844, 846 (8th Cir.1986) (per curiam). These opinions, however, are not conclusive in determining disability status and must be supported by medically acceptable clinical or diagnostic data. *Id.*

■ We agree with the Secretary that Dr. Harmon's statement that Matthews cannot work outside the home is, standing alone, conclusory in nature. While the progress notes clearly indicate that Matthews suffers from some back strain, Dr. Harmon does not indicate *how* this impairment impedes Matthews' ability to return to work. Furthermore, none of the other physicians who examined Matthews noted any functional limitations. Thus, there is no medical explanation given for the conclusion that Matthews cannot work. In an attempt to develop the record, the Secretary asked Dr. Harmon to complete a set of interrogatories and to submit a written medical report. Her interrogatory answers were vague and generally unhelpful, and Dr. Harmon refused to submit any written report. Based on these particular factual circumstances, we believe the ALJ did not err in rejecting the unsupported statement of Matthews' treating physician.

## B. Psychological Impairment

■ The ALJ found that Matthews suffered from mild situational depression but that this impairment was not severe enough to preclude her from working. Matthews asserts that the ALJ erred in assessing the severity of her psychological impairment without any evidence to support this finding and that the Secretary should have ordered a consultative psychiatric examination. The regulations, however, do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination. 20 C.F.R. § 416.917(a); *Conley v. Bowen,* 781 F.2d 143, 146 (8th Cir.1986) (per curiam); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 214 (6th Cir.1986). Thus, the issue is whether the record contained sufficient medical evidence for the ALJ to make an informed decision as to Matthews' alleged mental impairment.

We believe the ALJ did not err in evaluating Matthews' psychological complaints without ordering a consultative exam. Matthews did not allege that she was disabled due to any mental impairment. The only evidence in the record indicating any emotional problems is her testimony that she suffers from "nerves" and the fact that Dr. Harmon prescribed Triavil, an anti-depressant medication. In *Dozier v. Heckler,* 754 F.2d 274 (8th Cir.1985) (per curiam), this Court held that it was reversible error for an ALJ not to order a psychiatric or psychological examination to evaluate a claimant's anxiety. In that case,

however, a consulting physician had found that the claimant suffered from chronic anxiety. *Id.* at 276. In this case, neither Dr. Harmon nor Dr. Harrington mentioned any emotional impairments in their correspondence or reports. Furthermore, neither of the consultative physicians, Dr. Ash or Dr. Neu, noted any anxiety during their examination of Matthews. Based on the minimal evidence in this record, we agree with the district court that Matthews did not meet her burden of establishing a claim for disability due to a mental impairment and that the ALJ did not need to order a consultative examination to reach this conclusion.

**C. Subjective Complaints of Pain**

 Matthews argues that the ALJ failed to properly evaluate Matthews' subjective complaints of pain as required by *Polaski v. Heckler,* 739 F.2d 1320, 1322, *supplemented,* 751 F.2d 943 (8th Cir.), *vacated,* 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), *adhered to on remand,* 804 F.2d 456 (8th Cir.1986), *cert. denied,* 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987). It is clear that if Matthews' subjective complaints of pain are credited, she would be unable to perform light work. In his written opinion, the ALJ noted his responsibility to evaluate Matthews' complaints of pain under *Polaski.* He rejected Matthews' testimony, however, because it conflicted with the objective medical evidence in the record. On appeal, we must determine whether the ALJ considered all of the evidence relevant to Matthews' complaints of pain and whether that evidence contradicted her account, so that the ALJ could discount her testimony for lack of credibility. *Benskin v. Bowen,* 830 F.2d 878, 882 (8th Cir.1987).

After carefully examining the record, we believe that the decision to discount Matthews' testimony is supported by substantial evidence. The ALJ did not ignore any evidence supporting Matthews' claim of disabling pain. Yet, none of the physicians who examined Matthews reported that she suffered from extreme pain. The results of the examinations by Drs. Harrington, Ash and Neu indicate that Matthews' back pain only minimally limits her range of motion and muscle flexion. The inconsistency between the medical reports and Matthews' testimony constitutes a sufficient basis on which to discount her subjective complaints of pain.

Accordingly, the judgment of the district court is affirmed.