**Richard D. THOMAS, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 90–4244–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

Aug. 19, 1991.

Dennis W. Jennings, Kansas City, Mo., for plaintiff.

Gay L. Tedder, U.S. Atty's. Office, Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, District Judge.

Before the Court is Defendant Secretary of Health and Human Services' motion to alter and amend the order entered July 5, 1991. Plaintiff has filed no response to this matter. The Court has reviewed the issues and concludes that its order should not be altered or amended.

Plaintiff filed this action seeking review of the final decision of the Secretary which denied plaintiff's claim for Social Security benefits. In its order of June 26, 1991, as modified on July 5, 1991, this Court directed the Secretary to conduct further proceedings and then file notice of the administrative law judge's decision with this Court within 90 days. Defendant now asserts that the Court's decision to retain jurisdiction during the time the case is remanded to the Secretary is inconsistent with the Supreme Court decision rendered in *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

This Court affirms its decision to retain jurisdiction of this case while further administrative proceedings are conducted. This Court's decision follows the Eighth Circuit's recent decision in *Welter v. Sullivan,* 941 F.2d 674 (8th Cir.1991). Remand was necessary because the Secretary has committed factual and legal errors at the administrative record. Based on the record, the Court was unable to enter an order "affirming, modifying, or reversing the decision of the Secretary" because the Secretary had failed to satisfy his legal burden to obtain a necessary consultative, neuropsychological examination. *See Dozier v. Heckler,* 754 F.2d 274, 276 (8th Cir. 1985). The Secretary also failed to fully evaluate the combination of plaintiff's impairments and to fully evaluate subjective complaints. *See Paris v. Schweiker,* 674 F.2d 707 (8th Cir.1982) and *Polaski v. Heckler,* 751 F.2d 943 (8th Cir.1984).

While the Court intends that sentence four of Section 405(g), Title 42 of the United States Code, govern remand of this case, it also intends to retain jurisdiction at this point in the proceedings. The Court's retention of jurisdiction is consistent with the Supreme Court's decision in *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), and the Court's review of that decision in *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2162. In *Hudson,* the district court expressly retained jurisdiction and the Supreme Court ruled that "where a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the 'civil action' for judicial review and thus attorney's fees for representation on remand are available...." *Id.* The Court has further explained, in *Sullivan v.*

*Finkelstein,* 496 U.S. ——, 110 S.Ct. 2658, 2666–67, 110 L.Ed.2d 563 (1990), that *Hudson* "did not say that proceedings on remand to an agency are 'part and parcel' of a civil action in federal district court for all purposes...." The *Melkonyan* decision attempts to clarify these previous holdings, but in no way overrules their validity.

This Court does not intend to enter final judgment in the present action and, thus, has expressly retained jurisdiction of the case, as did the court in *Hudson.* This is not inconsistent with this Court's reading of *Melkonyan.* Moreover, this decision is required by the Eighth Circuit's recent decision in *Welter v. Sullivan,* 941 F.2d 674 (8th Cir.1991). The Court alternatively finds that this might be a sentence six remand, where for good cause plaintiff did not have available a neuropsychological evaluation because the Secretary had failed to satisfy his burden to provide that evaluation in accordance with the law and with the Appeals Council's previous directive. Under a sentence six remand, the Court retains jurisdiction on remand.

Based upon the reasoning presented above, it is hereby

ORDERED that defendant's motion to alter and amend is denied. The time schedule set forth in the previous orders remains the same.