_____

No. 95-3117
_____

Leona Cady,                          *
                                     *
          Appellant,                 *    Appeal from the United States
                                     *    District Court for the Southern
     v.                              *    District of Iowa.
                                     *
Shirley S. Chater,                   *    [UNPUBLISHED]
Commissioner of the Social           *
Security Administration,             *
                                     *
          Appellee.                  *

_____

                Submitted:  December 12, 1995

                   Filed:  December 18, 1995
_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.
_____

PER CURIAM.


     Leona Cady appeals the district court's[1] affirmance of the Social
Security Administration's denial of benefits.  Because we find the district
court's decision is supported by substantial evidence in the record as a
whole, we affirm.


     Cady filed for supplemental social security benefits under Title XVI
in April 1991.  Those benefits were denied initially in July 1991 and after
reconsideration, in September 1991.  In October 1991, Cady requested a
hearing before an administrative law judge (ALJ).  Following that hearing,
Cady was again denied benefits.  The district court affirmed the ALJ's
decision.  After review of the record, we find no error and affirm the
district court.

_____

     [1]The Honorable Charles R. Wolle, Chief Judge, United States
District Court for the Southern District of Iowa.

Cady argues that the ALJ erred by improperly discounting both the opinion of her treating physician and her own testimony and in failing to find her disabled within the meaning of the Social Security Act. On review, we must determine whether the denial of benefits is supported by substantial evidence in the record as a whole. Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). It is not our task to make an independent evaluation of the facts or to reverse the ALJ's holding merely because the record contains evidence to contradict his findings. Instead, we must examine the evidence in the record which supports the ALJ's decision as well as that which detracts from it. See Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991). We find, on balance, that the ALJ's decision is supported by substantial evidence in the record as a whole.

Opinions of a claimant's treating physician are ordinarily entitled to be given great weight. Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995); Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989) (citing Ward v. Heckler, 786 F.2d 844, 846 (8th Cir. 1986)). However, such opinions are not conclusive and "must be supported by medically acceptable clinical or diagnostic data." Matthews, 879 F.2d at 424. This record contains no such support. Over two years had elapsed between the treating physician's last examination of the claimant and the physician's opinion that the claimant was disabled. Furthermore, the claimant's daily activities, including household chores, militate against a finding of disability. (Admin. Trans. at 21.) On these facts, the ALJ properly discounted the testimony of Cady's treating physician.

Cady also alleges it was error for the ALJ to discount her testimony regarding her personal limitations. As Cady raises this argument for the first time on appeal, we need not consider it. Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993) (argument raised for first time on appeal need not be considered unless failure to do so would result in "manifest injustice"). In any event, the

conflicting evidence regarding her daily activities and alleged limitations supports the ALJ's decision.

The ALJ expressly found that Cady's physical limitations did not prevent her from performing her past relevant work as a secretary. (Admin. Trans. at 24.) Even had Cady been unable to return to her prior relevant work, the ALJ concluded that Cady possessed skills easily transferable to other sedentary positions. The vocational expert also testified to that effect. Consequently, the ALJ did not err in finding Cady was not disabled within the meaning of the Act.

Because the district court's decision affirming the administration's denial of benefits is supported by substantial evidence in the record as a whole, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.