_____

No. 96-1780
_____

William Meeks,                      *
                                    *
        Appellant,                  *
                                    *   Appeal from the United States
    v.                              *   District Court for the
                                    *   Southern District of Iowa.
Shirley S. Chater,                  *
Commissioner of the Social          *        [UNPUBLISHED]
Security Administration,            *
                                    *
        Appellee.                   *

_____

Submitted:  November 19, 1996

Filed:  February 6, 1997
_____

Before BEAM, FRIEDMAN,[1] and LOKEN, Circuit Judges.
_____

PER CURIAM.

    William Meeks appeals the denial of Social Security benefits.  We affirm.

## I.  BACKGROUND

    Meeks is sixty-two years old and has a ninth-grade education.  He has previous work experience as a clothing salesman and as an auto accessory salesman and manager.  He also owned a flea market at one time.  He was last employed in 1989.  His disability insured

_____

[1]The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

status expired on December 31, 1992.[2]  He applied for disability benefits in 1993, alleging that he became disabled on April 4, 1989, due to a stroke.  His application was denied both initially and on reconsideration. He then requested a hearing before an administrative law judge (ALJ).  The ALJ found, after the hearing, that Meeks retains the residual functional capacity to perform his past relevant work and thus was not under a disability as defined in the Social Security Act.  The Appeals Council affirmed the decision, as did the district court.

The medical evidence shows that Meeks suffered a stroke in 1989, but apparently made a satisfactory recovery.  Later medical examinations note only a small, residual, left-sided deficit as a result of the stroke. Meeks had surgery for a leaking aortic aneurysm in November 1992.  He also recovered from that surgery.  In December 1993, Meeks was admitted to the emergency room with chest pain.  He suffered a heart attack in the emergency room, but was resuscitated.  He then underwent coronary bypass surgery.  Several months later he had a cardiovascular stress test.  The conclusions after the test were:  "normal hemodynamic response to exercise," "mildly diminished exercise capacity," "no significant arrhythmias with exercise," and "negative ECG test for ischemia at a good workload."

Notes of a consultative exam at the time of the bypass surgery show an "incisional hernia resulting from an abdominal aortic aneurysm repair," but noted that it "has not caused the patient any problems."  There is no other later mention of the hernia in Meeks's medical records.  Because of his history of stroke, aneurysm and heart difficulties, Meeks's treating physician, Dr. Sadler, restricted Meeks from bending, stooping, or lifting more

---

[2]Meeks has since been awarded Supplemental Security Income benefits, which do not require any disability insured status.  He has been awarded benefits as of June 30, 1995.  In this appeal, Meeks seeks SSI benefits from April 4, 1989.

than ten to fifteen pounds. Although the letter imposing those restrictions is undated, it was received by the Social Security Administration in January 1994. The record also shows that Meeks has a hearing deficit--his hearing for speech is moderately impaired and his speech discrimination is fair.

Meeks was also examined by a consulting physician, Dr. Ryan. Dr. Ryan found that Meeks could occasionally lift fifty pounds, could frequently lift twenty-five pounds, and could stand for six hours. Dr. Ryan further found no communicative limitations.

At the hearing, Meeks testified that he stopped working in 1989 in order to care for his wife who had cancer. He testified that he walks two miles a day, drives a car and does his own grocery shopping. He stated he has some pain from the hernia.

## II. DISCUSSION

Meeks's disability insured status expired on December 31, 1992, so the issue is whether he was disabled before that date. An individual's medical condition on the date he or she was last insured is the only consideration when an individual is no longer insured for Title II disability purposes. See, e.g., Bastian v. Schweiker, 712 F.2d 1278, 1280 (8th Cir. 1983). If that individual's condition subsequently deteriorates, that deterioration cannot be considered.

The decision of the Secretary must be upheld if substantial evidence in the record as a whole supports the conclusion that Meeks was not disabled. Baker v. Secretary of Health and Human Servs., 955 F.2d 552, 554 (8th Cir. 1992). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Secretary's conclusion. Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992). Therefore, if it is possible to draw two inconsistent positions from the evidence and

one represents the Secretary's position, we must affirm. <u>Robinson v. Sullivan</u>, 956 F.2d 836, 838 (8th Cir. 1992).

Meeks asserts that the ALJ failed to give proper weight to his treating physician's opinion. The medical reports of a treating physician are ordinarily entitled to greater weight than the opinion of a consulting physician. <u>Ward v. Heckler</u>, 786 F.2d 844, 846 (8th Cir. 1986) (per curiam). However, treating physicians opinions are not conclusive in determining disability and must be supported by medically acceptable clinical or diagnostic data. <u>Id.</u>

Here, the ALJ properly discounted the lifting restrictions imposed by the treating physician. There was nothing in the medical records to support such restrictions. The letter imposing the restrictions contains only a listing of Meeks's illnesses, with no explanation why the restrictions are necessary. We agree that the restrictions are conclusory. Based on the factual circumstances of this case, we believe the ALJ did not err in rejecting the unsupported statement of Meeks's treating physician.

The ALJ also properly evaluated Meeks's complaints of pain and concluded that there was a sufficient basis on which to discount the severity of his complaints and associated symptoms. This includes his failure to seek treatment for his hernia, failure to obtain a hearing aid, his daily activities, and his statement that he stopped working in 1989 to care for his wife. Meeks suffered from serious illnesses that required surgeries, but he recovered from those surgeries. Nothing in the record shows that Meeks was totally disabled by the hernia or any of his illnesses before his insured status expired on December 31, 1992.

## III. CONCLUSION

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.