_____

No. 96-1250
_____

Louis Wright,                           *
                                        *
          Appellant,                    *
                                        *   Appeal from the United States
     v.                                 *   District Court for the Southern
                                        *   District of Iowa.
Shirley S. Chater, Commissioner         *
of the Social Security                  *        [UNPUBLISHED]
Administration,                         *
                                        *
          Appellee.                     *

_____

                    Submitted:  November 19, 1996

                        Filed:  February 6, 1997
                    _____

Before BEAM, FRIEDMAN,[1] and LOKEN, Circuit Judges.
                    _____

PER CURIAM.


     Louis Wright appeals on behalf of his deceased wife, Betty.   He
challenges the denial of Social Security disability benefits to her.   We
affirm.


I.  BACKGROUND


     Betty Wright was born in 1927 and had previous work experience as an
appointment clerk and receptionist.  She filed an application for benefits
on November 15, 1990, alleging that she had become disabled in 1978 because
of heart problems and diabetes.  Betty Wright's insured status expired on
June 30, 1982.   Her application was denied initially and on
reconsideration.  She then requested a

_____

     [1]The Honorable Daniel M. Friedman, United States Circuit Judge
for the Federal Circuit, sitting by designation.

hearing before an administrative law judge (ALJ). The ALJ found, after a hearing, that Betty Wright retained the residual functional capacity to perform her past relevant work at the time her insured status expired and thus was not under a disability as defined in the Social Security Act. The Appeals Council affirmed the decision, as did the district court.

The medical evidence shows that Betty Wright was hospitalized in 1972 for poorly-controlled diabetes. She was again hospitalized in 1978 for an acute myocardial infarction. She was discharged with medication. She was examined for follow-ups in 1979 and at that time reported that she was doing well and was planning a trip to Georgia. She received sporadic medical treatment for various complaints from 1979 to 1982. In 1983, Wright was hospitalized for chest pain. The pain was relieved with Nitroglycerin and she was discharged in good condition. Later in 1983, she was treated at the University of Iowa for chest pain which, after extensive testing, was diagnosed as musculoskeletal in origin. She was seen at various times in 1990 for treatment of diabetes and coronary artery disease. Medical records after 1990 show numerous serious medical conditions relating to diabetes mellitus and coronary disease.

Betty Wright testified at the hearing. She stated that after her heart attack in 1978, she was unable to lift anything heavier than a spoon and could only care for her own needs. She did light housework, meal preparation, driving and grocery shopping. Her husband testified that his wife's condition had progressively worsened over the years since her heart attack in 1978.

In a letter dated March 20, 1991, Betty Wright's treating physician, Dr. Swearingen, stated that he had treated her from 1978 until 1989 and that "during that period of time her persistent angina pectoris and congestive heart failure, along with her poorly controlled diabetes mellitus, precluded her from active employment

-2-

and [she] would have, in my view, been disabled due to these conditions."

## II. DISCUSSION

Betty Wright's disability insured status expired on June 30, 1982, so the issue is whether she was disabled before that date. An individual's medical condition on the date he or she was last insured is the only consideration when an individual is no longer insured for Title II disability purposes. See, e.g., Bastian v. Schweiker, 712 F.2d 1278, 1280 (8th Cir. 1983). If that individual's condition subsequently deteriorates, that deterioration cannot be considered.

The decision of the Secretary must be upheld if substantial evidence in the record as a whole supports the conclusion that Betty Wright was not disabled. Baker v. Secretary of Health and Human Servs., 955 F.2d 552, 554 (8th Cir. 1992). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the Secretary's conclusion. Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992). Therefore, if it is possible to draw two inconsistent positions from the evidence and one represents the Secretary's position, we must affirm. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

Wright asserts that the ALJ failed to give proper weight to Betty Wright's treating physician's opinion. The medical reports of a treating physician are ordinarily entitled to greater weight than the opinion of a consulting physician. Ward v. Heckler, 786 F.2d 844, 846 (8th Cir. 1986) (per curiam). However, treating physicians' opinions are not conclusive in determining disability and must be supported by medically acceptable clinical or diagnostic data. Id. A treating physician's opinion may be

discounted, for example, when there is no testing to support it.  <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1213-14 (8th Cir. 1993).

Here, the medical evidence, including Dr. Swearingen's own records, shows that Betty Wright was hospitalized for a myocardial infarction in December 1978.  She was then seen for six follow-up visits in 1979.  These visits were uneventful and Dr. Swearingen noted that Wright was doing well with no pain.  Her appointments in 1980, 1981 and 1982 were for various minor complaints and prescription refills.  Dr. Swearingen's opinion is nothing more than a catalog of Wright's illnesses and a conclusory statement that she is disabled.  Dr. Swearingen's treatment of Wright spanned more than twelve years, yet he points to no specific time when her progressive conditions reached the point of disability.  The medical evidence simply does not show any disabling condition before June 30, 1982.  We thus find that the ALJ properly discounted Dr. Swearingen's opinion.

## III.  CONCLUSION

For the foregoing reasons, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.