# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3746

_____

| | | |
|---|---|---|
| Richard L. Krone, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the District of Minnesota. |
| Kenneth S. Apfel, Commissioner of | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: June 17, 1999

Filed:  July 21, 1999

_____

Before BRIGHT and ROSS, Circuit Judges, and REASONER,[1] District Judge.

_____

PER CURIAM.


Richard L. Krone appeals from a judgment of the district court[2] upholding a denial of social security disability insurance benefits.  We affirm.

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

In 1993 Krone applied for benefits, alleging a disability beginning on January 14, 1991, due to disabling pain resulting from a 1983 automobile accident in which he sustained muscle strain. After two hearings, an administrative law judge (ALJ) denied benefits.

Contrary to Krone's argument on appeal, the ALJ did not err in failing to develop the record as to a possible mental impairment. An ALJ is not required "to order a consultative evaluation of every alleged impairment." Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989). Despite some evidence of a possible mental impairment in 1984, Krone continued to work and thus any impairment was not disabling. In fact, at oral argument, Krone's counsel indicated if this court were to remand, all he wanted was the opportunity to present evidence from Krone's treating doctor, who had noted depression and anxiety in 1993 and 1994, which was after the expiration of Krone's insured status in March 1992. Even assuming this evidence is of some relevance, it is not helpful since in a 1994 assessment the doctor indicated Krone could work.

Nor did the ALJ err in applying the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted) in discounting Krone's allegations of disabling pain. As the ALJ noted, there were many inconsistencies between Krone's testimony and medical records indicating Krone was working and his pain medication was effective and had no significant side effects.

Finding no error of law or fact, we affirm on the basis of the district court's opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT