# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1309

_____

| | | |
|---|---|---|
| Robert Slaughter, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Kenneth S. Apfel, Commissioner, | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 6, 2000

Filed: January 14, 2000

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Robert Slaughter appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We affirm.

---

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

At a June 1992 hearing before an administrative law judge (ALJ), Mr. Slaughter testified that he suffers from back and neck pain. Following the hearing, the ALJ concluded Mr. Slaughter retained the ability to perform light work. The district court[2] reversed and remanded, finding the ALJ's decision was not supported by substantial evidence. At a September 1995 supplemental hearing, Mr. Slaughter testified that he suffers from back, neck, and leg pain and has arthritis in his hand and arm. Following the hearing, the ALJ concluded Mr. Slaughter did not suffer from an impairment or combination of impairments that equaled a listed impairment. Applying the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ discredited Mr. Slaughter's subjective complaints of disabling pain, finding them inconsistent with the objective medical evidence and the treatment measures he used. The ALJ concluded Mr. Slaughter could not return to his past relevant work, but he retained the ability to perform sedentary to light entry-level jobs.

We conclude that substantial evidence in the record, including the new evidence Mr. Slaughter submitted to the Appeals Council, supports the ALJ's decision. See Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992). The ALJ's hypotheticals at the supplemental hearing accurately captured the essence of the findings of examining physicians, and the ALJ properly found that Mr. Slaughter retained the ability to perform sedentary to light entry-level work. See Locher v. Sullivan, 968 F.2d 725, 729 (8th Cir. 1992) (ALJ's hypothetical was proper because it included those findings supported by medical records and by medical testimony at hearing); 20 C.F.R. § 404.1567(a) (1998) (sedentary work); 20 C.F.R. § 404.1567(b) (light work).

We believe the ALJ adequately considered Mr. Slaughter's impairments in combination by discussing his back and neck problems (as supported by the medical evidence), his functional illiteracy, and his subjective complaints of disabling pain. See

_____

[2]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994). We also believe the ALJ properly discredited Mr. Slaughter's subjective complaints of disabling pain. Two treating physicians only prescribed pain medication; since 1992, Mr. Slaughter has seen only one treating physician, who has continued a conservative course of treatment by prescribing only pain medication; and no physician either suggested that Mr. Slaughter's MRI results indicate a disabling condition, or placed any restrictions on his activities. See Smith v. Shalala, 987 F.2d 1371, 1374-75 (8th Cir. 1993) (prescriptions of only muscle relaxers and mild pain relievers were inconsistent with claimant's complaints of disabling pain; lack of significant medical restrictions on claimant's activities was inconsistent with complaints of disabling pain); Matthews v. Bowen, 879 F.2d 422, 425 (8th Cir. 1989) (medical evidence revealing only minor impairments and minimal limits on range of motion and muscle flexion was sufficient basis to discount complaints of pain).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.