**Easter Mae THOMPSON, Appellant,**

**v.**

**Louis SULLIVAN, M.D., Secretary of Health and Human Services,\* Appellee.**

**No. 88–2523.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1989.

Decided July 11, 1989.

---

\* We have substituted Louis Sullivan as party appellee in place of his predecessor, Otis R. Bow-

en. See Fed.R.App.P. 43.

David M. Hendrix, Little Rock, Ark., for appellant.

Joyce Shatteen, Dallas, Tex., for appellee.

Before ARNOLD, BOWMAN, and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

Easter Mae Thompson appeals from the District Court's order entered in favor of the Secretary of Health and Human Services denying her social-security disability benefits on the ground that she was engaged in substantial gainful activity. We reverse and remand for further administrative proceedings.

On April 26, 1986, Ms. Thompson filed an application for benefits, alleging disability beginning on September 1, 1985, due to heart trouble, diabetes, and the effects of polio she suffered when she was ten years old. On her Work Activity Report she listed employment as a maid 20 hours a week at $3.35 per hour. Although she did not indicate on the report any special conditions of employment, the Social Security Administration (SSA) representative noted in the file: "[w]ork is not comparable to other maids in the neighborhood." The application was denied initially and upon reconsideration, and Ms. Thompson requested a hearing before an Administrative Law Judge (ALJ).

The claimant, who waived representation by a lawyer, testified that she was forty-seven years old, had an eighth-grade education, and was working cleaning a bank and a private home. She had worked at the bank for approximately twenty years and currently worked twenty-four hours each week (four hours on four evenings and eight hours on Sundays), for which she was paid the minimum wage ($3.35 per hour). Ms. Thompson testified that her physical impairments required that her son and granddaughter helped her in cleaning the bank "off and on," that sometimes she had to lie on the floor and let them do the work, and that it used to take her two and one-half or three, rather than four hours, to clean the bank each evening. Ms. Thompson testified that she used to have several weekly daytime housecleaning jobs, but was now able to clean only one private home a week because the owner did not care if she arrived on time, and that some-

times she had to leave to go back to bed because her chest hurt. She received $30.00 a week from this job. She also testified extensively about her pain, vision problems, and limited daily activities.

After considering the nature of her work activity and determining that she earned more than $300.00 per month, the ALJ found that Ms. Thompson's cleaning jobs constituted substantial gainful activity, and concluded that she was not disabled. The Appeals Council denied review. Ms. Thompson retained counsel and filed this case. Thereafter, her lawyer asked the Appeals Council to reconsider the case in light of a vocational evaluation which found that she was profoundly mentally retarded. The Appeals Council reviewed the new evidence but refused to alter the ALJ's determination. The District Court granted summary judgment to the Secretary, and this appeal followed.

On appeal, Ms. Thompson argues that the Secretary's determination that she is engaging in substantial gainful activity is not supported by substantial evidence, and that the ALJ failed to develop the record fully. The claimant contends that the testimony showed that her children and grandchildren were actually doing the work for which she was being paid at the bank, and that her weekly housecleaning job was tailor-made to fit her handicap.

■ The regulations preclude a finding of disability, regardless of impairment, if a claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). Any work done during a period of claimed disability may show that a claimant can engage in substantial gainful activity. 20 C.F.R. §§ 404.1571, 404.1520; *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir.1988). Factors to be considered include amount of pay, length of time worked, and whether the work was conducted in a special work area or with special assistance. 20 C.F.R. § 404.1574. The regulations create a presumption that an employee who earns more than $300.00 per month is engaging in sub-

stantial gainful activity. *Id.* at (b)(2)(vi); *Burkhalter v. Schweiker*, 711 F.2d 841, 843 (8th Cir.1983). The presumption created by the regulations does not, however, relieve the ALJ of the duty to develop the record fully and fairly. *Milton v. Schweiker*, 669 F.2d 554, 556 (8th Cir.1982).

■ Here, claimant does not dispute, and the record supports, the ALJ's conclusion that she was paid more than $300.00 a month. The ALJ, however, failed to develop the record fully with regard to the conditions of employment in light of the SSA representative's notation on the Work Activity Report, Ms. Thompson's testimony that family members helped her with the bank job, and her testimony that the housecleaning job was performed under special conditions.

In *Mullis v. Bowen*, 861 F.2d at 993, the court concluded that claimant's earnings of over $9,000.00 in a six to nine month period (an amount far above the statutory guideline) was "persuasive evidence" of substantial gainful activity. Significantly, the court noted as follows: "[A]lthough the district court took special note of the fact that claimant had assistance during his job, the ALJ found that it was common to have assistance in that job and that claimant's employer treated him no differently from any other employee." *Id.; see also Milton v. Schweiker*, 669 F.2d at 556 (record not fully developed where ALJ failed to ascertain job requirements, adequacy of claimant's performance, or reasons for terminating jobs). Here no such inquiry was made. We note that the ALJ's duty to bring out the relevant facts was enhanced by Ms. Thompson's lack of counsel. *See Highfill v. Bowen*, 832 F.2d 112, 115 (8th Cir.1987).

Accordingly, the case must be remanded for the ALJ to ascertain the conditions of claimant's cleaning jobs, and for further inquiry regarding her impairments if the presumption of substantial gainful activity is determined not to be applicable. The

ALJ should obtain employment records and the testimony of Ms. Thompson's employers to ascertain her job requirements, the adequacy of her job performance, and whether she performs her jobs under any special conditions. *See id.* The ALJ should also seek to obtain the testimony of family members who Thompson claimed help her with her job at the bank. If the analysis on remand reaches the stage of determining the degree of impairment, the issue of mental retardation should also be explored.

The judgment is reversed, and the case remanded to the District Court with directions to remand to the Secretary for further administrative proceedings consistent with this opinion.