James C. COOPER, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Louis W. Sullivan, M.D., Appellee.

No. 90–1052EA.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1990.

Decided Nov. 27, 1990.

Anthony Bartels, Jonesboro, Ark., for appellant.

Joseph B. Liken, Dallas, Tex., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.

VAN SICKLE, Senior District Judge.

James C. Cooper appeals from an order of the district court [1] affirming the decision of the Secretary of Health and Human Services to deny Cooper's applications for disability insurance and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act (Act). The sole issue for review is whether substantial evidence in the record supports the decision of the Secretary to deny these benefits to Cooper based on his engagement in substantial gainful activity. Because we conclude substantial evidence supports the decision of the Secretary, we affirm the district court.

## I. BACKGROUND

Cooper filed applications for disability and SSI benefits on February 6, 1984, alleging he had been disabled since April 8, 1983 because of dislocated discs, and prostate and kidney trouble. The record indicates that Cooper has limited use of his right hand, the result of an injury sustained after a failed attempt to save his three children in a fire. Cooper also apparently suffers from depression, weight-loss, fatigue, and frequent pain. Now forty-six years old, Cooper has an eighth grade education and has poor reading and writing skills.

Cooper suffered from numerous back ailments and has had a history of multiple surgeries in the prostate area. More recently, an examination on June 1, 1988 by George B. Higley, Jr., M.D. revealed a lumbar musculologamentous strain, the result of Cooper's lifting a tool box on May 29, 1988. At the end of treatment, six days later, Cooper was diagnosed as 90 percent of normal. Ralph Rehm, M.D. examined Cooper on July 6, 1988 and found that Cooper had a 70 percent loss of dexterity in his right upper extremity and had suffered a ruptured disc in the lumbosacral area. Dr. Rehm was of the opinion that Cooper was totally and permanently disabled. At the supplemental administrative hearing on May 26, 1988 Cooper had the ability to raise his arm to a 90 degree angle and his forearm 90 degrees from the angle of his arm.

During the administrative hearings, Cooper testified that he had been employed since October, 1985 at the First United Methodist Church of Blytheville. Cooper stated he had worked part-time for nearly two years, earning approximately four dollars an hour, and then went full-time (37

---

* The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable H. David Young, Magistrate, United States District Court for the Eastern District of Arkansas.

hours per week) earning about $4.25 an hour. Cooper's W-2 statements showed earned income from employment at the church of $6,975.00 in 1987, $5,459.71 in 1986, and $1,239.68 in 1985.

Cooper was the only janitor on staff at the church. His duties there were essentially inside custodial and included cleaning, buffing floors, moving boxes up and down stairs, and opening and closing the church for meetings. These tasks left him frequently fatigued and caused him to rest when he felt it necessary. Cooper's employer, the Reverend Aaron Barling, in an affidavit stated that Cooper had good work attendance, was punctual, but on certain days was not productive. Evie Hayner, Secretary of First United Methodist Church made similar observations and noted that Cooper was paid even if he was not productive. Cooper stated that he would take breaks and lie down when becoming fatigued, but asserted that any time spent resting was made up later in the day or at another time. Reverend Barling recognized that Cooper suffered from a number of health problems and stated the church tried to accommodate them.

The district court on March 1, 1988 determined that Cooper was disabled within the meaning of the Act from April 8, 1983 to November of 1985 and remanded the case to an Administrative Law Judge (ALJ) for further development of the record. After a supplemental hearing, the ALJ found that Cooper's employment was not charitable or sheltered in nature, and testimony of Cooper to the contrary was not fully credible. The ALJ determined that, based on Cooper's average earnings, which exceeded $300.00 per month, his work activity constituted substantial gainful employment. Thus, the ALJ reasoned that Cooper was not "disabled" within the meaning of the regulations at any time subsequent to November 1, 1985 and should be denied benefits under the Act.

On February 28, 1989, the Appeals Council adopted the ALJ's recommendation and its decision became the final decision of the Secretary. The District Court affirmed the Secretary's decision on December 5, 1989 and this appeal by Cooper followed.

## II. DISCUSSION

The Social Security Act gave authority to the Secretary of Health and Human Services to promulgate regulations for determining whether an individual had engaged in substantial gainful activity. *See* 42 U.S.C. § 423(d)(4). Pursuant to this express Congressional order, regulations (20 C.F.R. §§ 404.1571–75, 416.971–75) were drawn which provided specific guidelines for a substantial gainful activity determination. We have previously held that the regulatory criteria created by the Secretary are consistent with the Act and are therefore valid. *See Burkhalter v. Schweiker,* 711 F.2d 841 (8th Cir.1983).

The regulations provide that if a claimant is engaged in substantial gainful activity, then there can be no finding of disability, regardless of the claimant's age, education, prior work activity and even if the claimant is in fact physically or mentally impaired. *Thompson v. Sullivan,* 878 F.2d 1108, 1110 (8th Cir.1989); *Burkhalter,* 711 F.2d at 843; 20 C.F.R. § 404.1520(b). Substantial gainful activity must be work activity that is both substantial and gainful. 20 C.F.R. § 416.972. Substantial work involves activity, even on a part-time basis, which is significantly physical or mental. 20 C.F.R. § 416.972(a). Gainful work is merely activity done for pay or profit. 20 C.F.R. § 416.972(b).

If the claimant is an employee, the Secretary will use a variety of guides to determine if the claimant is substantially gainfully active. Important criteria include the claimant's level of earnings derived directly from the work activity, and whether the claimant is working in a sheltered or special environment. *See* 20 C.F.R. § 404.1574(a). From earnings, the Secretary will deduct the costs of items or services which allow the claimant to work. 20 C.F.R. § 404.1576. Finally, the regulations create a rebuttable presumption that a claimant is substantially gainfully active if, for years after 1979 and before 1990, the average earnings of the claimant exceeded $300 per month. 20 C.F.R.

§ 404.1574(b)(2)(vi); *Thompson,* 878 F.2d at 1110.

Our task on review then is to determine whether there exists substantial evidence in the record as a whole to support the Secretary's denial of benefits. *Zenker v. Bowen,* 872 F.2d 268, 270 (8th Cir.1989). The standard requires a scrutinizing analysis, not merely a "rubber stamp" of the Secretary's action, in which we consider evidence which both supports and detracts from the decision. *Thomas v. Sullivan,* 876 F.2d 666, 669 (8th Cir.1989); *Clarke v. Bowen,* 843 F.2d 271, 272 (8th Cir.1988); *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987). We must "take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." *Gavin,* 811 F.2d at 1199 (citing *Steadman v. Securities and Exchange Commission,* 450 U.S. 91, 99, 101 S.Ct. 999, 1006, 67 L.Ed.2d 69 (1981)). Based on these standards, we nonetheless find that there is substantial evidence in the record as a whole to support the decision to deny Mr. Cooper's disability benefits.

The record in this case clearly establishes that Cooper was employed at the church from October of 1985 and worked part-time at first and then full-time for about six months prior to the administrative hearing in May, 1988. Cooper's tax records reveal income for the years 1985, 1986, and 1987 which exceeds on average $300 per month for each calendar year. Under the regulations, there is thus a rebuttable presumption that Cooper was substantially gainfully active, a presumption which Cooper apparently concedes.

To rebut the evidence of substantial gainful activity, Cooper relies on what he describes as the charitable nature of the employment relationship. The church pastor knew of Cooper's ailments and stated that the church would try to accommodate them. Nonetheless, the record reveals that Cooper was the only janitor employed by the church, that he had specific duties which had to be completed, and that he was subject to reprimand for failure to fulfill his job requirements. The church was helping Cooper but also was seeking his janitorial services.

Evidence also showed that Cooper had to rest often on the job because of pain and fatigue and was not productive on certain days. He was paid whether he accomplished much work on that particular day or not. This fact supports the charitable nature of Cooper's relationship with the church. As Cooper stated at the administrative hearing, however, any time which he spent resting was made up at a later time. This fact supports the ALJ's conclusion that Cooper was engaged in substantial gainful activity.

Evidence of Cooper's medical condition was submitted by both Cooper and the Secretary. Cooper attempts to argue that because of his impairment, the value of his services could not be equivalent to the work performed and thus the work relationship was charitable in nature. Medical examinations were performed by Dr. Rehm, who apparently examined Cooper on only one occasion and Dr. Higley, the treating physician after Cooper strained his back from lifting the tool box. "[T]he report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Millbrook v. Heckler,* 780 F.2d 1371, 1374 (8th Cir.1985) (citing *Hancock v. Secretary,* 603 F.2d 739, 740 (8th Cir.1979)); *see also Rautio v. Bowen,* 862 F.2d 176 (8th Cir.1988) (opinion of treating physician given greater weight). As to Cooper's back injuries, Dr. Higley's report must be considered more authoritative. Other evidence exists in the record which contradicts Dr. Rehm's conclusion that Cooper is completely disabled. The ALJ could properly find from these facts that Cooper, although suffering from a number of severe ailments, had not shown that his productivity had been so devalued as to make his employment of a charitable nature.

Therefore, based on the evidence on the record as a whole, the ALJ properly found that Cooper was not disabled within the meaning of the Act. Cooper had a strong

presumption to overcome by earning an average monthly income of over $300 per month. The relationship with his employer, the church, was not such to rise to the level of charitable employment. Cooper did not overcome his burden of proving that he was not substantially gainfully active. The decision of the district court must be affirmed.