Calvin THOMPSON, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.

No. 89–2931.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1990.

Decided March 18, 1991.

James W. Stanley, Jr., North Little Rock, Ark., for appellant.

Dean S. Landis, Baltimore, Md., for appellee.

Before McMILLAN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Calvin Thompson appeals from the district court's order entered in favor of the Secretary of Health and Human Services denying his Supplemental Security Income Benefits on the ground that he was engaged in substantial gainful activity (SGA). We reverse and remand for further administrative proceedings.

## I. BACKGROUND

On September 27, 1984, Thompson filed an application for benefits alleging disability due to epileptic seizures. He received $300 to $350 per month as a home aide to an individual with a severe spinal cord injury. Thompson's application was denied initially and upon reconsideration on the ground that because he earned more than $300 a month he was engaged in SGA. Thompson then requested and received a hearing before an Administrative Law Judge (ALJ). The ALJ found that Thompson's work as a home aide was not SGA but nonetheless found he was not disabled as defined by the Social Security Act.

The Appeals Council ruled there was not substantial evidence in the record to support the ALJ's conclusion that Thompson was not engaged in SGA. The Council modified the ALJ's decision to reflect benefits were denied because the claimant was engaged in SGA.[1]

The district court concluded there was substantial evidence to support the decision of the Appeals Council and affirmed its decision.

## II. DISCUSSION

■ Judicial review is limited to whether the decision of the Appeals Council is supported by substantial evidence as a whole.

*Jackson v. Bowen,* 873 F.2d 1111, 1113 (8th Cir.1989). That is, the court should consider "the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987).

■ A claimant who has engaged in substantial gainful activity during the relevant time is not eligible for benefits. 20 C.F.R. § 416.920(a). There is a presumption that an employee who earns more than $300 per month[2] is engaging in substantial gainful activity. 20 C.F.R. § 404.1574(b)(2)(vi). This presumption, however, is rebuttable. *Cooper v. Secretary of Health and Human Services,* 919 F.2d 1317, 1319 (8th Cir.1990).

Thompson was employed by Adrian Horton, a quadriplegic, as a home aide. His duties included spending approximately five to six hours daily with Horton, assisting his employer with dressing and cleaning, and even praying.

Thompson suffered from major seizure disorders, manifested by gran mal and partially complex seizures. The seizures occurred as frequently as twice a month. During the seizures appellant lost consciousness, became violent, and/or was delirious. He had been known to attack others during a seizure. He also suffered from generalized anxiety disorder characterized by high tension levels, violence, and extreme agitation. Apparently, medication was not effective for any of his impairments. As his employment continued, it became more difficult for Thompson to complete his duties due to the increased frequency and intensity of the seizures.

The Appeals Council found that Thompson's service as a home aide was substantial gainful activity because there was "no indication that the claimant did not earn the money he paid him." To constitute SGA, the work activity must also be sub-

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. Since the Appeals Council's decision, it has been determined that Thompson is entitled to Supplemental Security Income Benefits effec-

tive September 26, 1987. Therefore, the benefits period in dispute in this case is from September 1984 to September 1987.

2. This is for wage earnings after 1979 and before 1990.

**278**

stantial, that is, there must be significant physical or mental activity. 20 C.F.R. § 416.972(a). In making this determination the Secretary must consider the level of earnings derived directly from the work activity and whether the claimant is working in a sheltered or special environment. 20 C.F.R. § 404.1574(a)(2) and (3). The record does not support the Appeals Board's conclusion that the work at issue in this case was significant physical or mental activity.

The Council stated the claimant's duties were consistent with those performed by home attendants in the general economy. This finding is entirely unsupported. The record is void of any evidence of the duties home attendants in the general economy perform.

Thompson had to take frequent rest periods and missed days from work. His employer stated the light seizures kept Thompson from doing his work, and the hard seizures sometimes kept Thompson from working for weeks at a time. The seizures are often dangerous to Thompson and to those around him. He often bit his own tongue or mouth, and during various seizures he injured his wife, grandmother, and one-year old son.

The statements of his employers reflect that the seizures alarmed them. One employer described the situation as "weird." At the hearing Thompson testified Horton was considering discharging Thompson but kept him on only because he believed Thompson needed the money. Another of Thompson's former employers stated that had Thompson not been a personal friend he would have hired another attendant.

Finally, while Thompson did routinely wake, dress, and wash his employer, he was not reprimanded for failure to perform any of his duties. He had no mandatory chores in the sense that he was required to finish any task as a prerequisite for his pay. *Cf. Cooper v. Secretary of Health and Human Services*, 919 F.2d 1317, 1320 (8th Cir.1990) (factors considered in finding claimant involved in substantial gainful activity). He was paid the same amount each month regardless of the amount of work he missed or what duties he actually performed for his employer. This can hardly be viewed as a normal employment situation.

The service of a home aide to a quadriplegic may be a significant and responsible undertaking. However, the record taken as a whole shows that Thompson's earnings were charity rather than payment for services. The Appeals Council's decision that Thompson's work as a home aide constituted substantial gainful activity is not supported by substantial evidence.

### III. CONCLUSION

The judgment is reversed, and the case is remanded to the District Court with directions to remand to the Secretary to complete the determination of eligibility for Supplemental Security Income benefits.