

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2005

# Roberts v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3647

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Roberts v. Comm Social Security" (2005). *2005 Decisions.* Paper 837.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/837

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3647

_____

JEANNIE M. ROBERTS,

Appellant

v.

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-cv-01254)
District Judge:  Honorable John E. Jones, III

_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

Before:  NYGAARD[1], SMITH and FISHER, *Circuit Judges.*

(Filed:  July 15, 2005)

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

_____

[1]Judge Nygaard assumed Senior Judge status on July 9, 2005.

This is an appeal by Jeannie M. Roberts from the District Court's affirmance of the decision of the Commissioner of Social Security denying disability insurance benefits (DIB) and supplemental security income (SSI). The question before us is whether substantial evidence supports the Commissioner's final decision that Roberts was not disabled under the Social Security Act. We affirm having concluded that substantial evidence supports the decision. Because the parties are familiar with the background facts and procedural history, we set forth only those facts necessary to our analysis.

Roberts suffered from a right shoulder impairment, cervical disc disease and depression. The Administrative Law Judge ("ALJ") determined that those impairments do not meet or medically equal a listed impairment, 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. The ALJ determined that although Roberts's impairment prevented her from performing her past relevant work as a packer or janitor, Roberts retained residual functional capacity to perform a limited range of light duty work, which did not involve performing repetitive tasks with her right upper extremity, overhead work and which was consistent with her mild to moderate limitations in concentration and attention due to her depression. Because Roberts was forty-nine (49) years old, constituting a younger individual, 20 C.F.R. §§ 404.1563 and 416.967, with limited education, an unskilled work background and could not perform the full range of light work, the ALJ enlisted the assistance of a vocational expert to conclude that Roberts could perform light, unskilled work as an unarmed security guard, inspector and gate tender, all of which exist

2

in significant numbers in the national economy. These conclusions are supported by substantial evidence.

We agree that Roberts's impairments do not meet any of the Listings, either individually or in combination. We also find that despite Roberts's argument that she was limited to sedentary work, the record evidence substantially supports the ALJ's finding that Roberts could engage in a wide-range of light duty work with her credible subjective complaints. The ALJ's findings in this regard were consistent with the objective medical evidence.

Nor do we find merit in Roberts's contention that the ALJ erred in classifying her as a "younger" person given her age, forty-nine (49), for purposes of determining whether there were a significant number of jobs in the national economy that she could perform in light of her work restrictions, vocational factors and age. "Age" refers to chronological age of a claimant and the extent to which it affects the claimant's ability to adjust to other work. 20 C.F.R. §§ 404.1563(a), 416.963(a) (2004). A "younger" person is someone under fifty (50) years of age. *Id.* During the relevant period, Roberts was under fifty (50) years of age and was not within a few days or months of her fiftieth birthday to provide her with the benefit of a "borderline" age determination under 20 C.F.R. § 404.1563(b) as an individual closely approaching advanced age. *See* 20 C.F.R. §§ 404.1563(d), 416.963(d) (2004) (defining "person closely approaching advanced age" as one who is age fifty (50) to fifty-four (54) years old). Nor is there any authority extending the

3

benefits of a "borderline" age determination to persons like Roberts who are within five (5) to six (6) months of their fiftieth birthday. In any event, substantial evidence, including the unrefuted evidence provided by the vocational expert, supports the ALJ's conclusion that Roberts's age was not a factor significantly limiting her vocational adaptability.

Having considered the contentions raised by the parties and concluding that no further discussion is required, we will affirm the judgment of the District Court that substantial evidence supports the Commissioner's conclusion that Roberts was not disabled within the meaning of the Social Security Act.