# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3544

_____

Kevin Byes,                          *
                                      *
          Appellant,             *
                                      *    Appeal from the United States
    v.                                  *    District Court for the
                                        *    Eastern District of Arkansas.
Michael J. Astrue, Commissioner,    *
Social Security Administration,       *
                                        *
          Appellee.              *

_____

Submitted: June 15, 2012
Filed: August 2, 2012

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Kevin E. Byes applied for disability insurance benefits and supplemental security income on July 30, 2007, claiming disability since November 2005. An Administrative Law Judge (ALJ) upheld the Commissioner's denial of benefits. The district court[1] agreed. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Beth M. Deere, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred by consent of the parties pursuant to 28 U.S.C. § 636(c).

Byes, born August 9, 1965, was 40 years old at the time of his alleged onset, and 44 years old at the time of the ALJ's decision. He has a tenth grade education, including special education classes. He testified he can read and write grocery lists, read parts of the newspaper, and had past work experience as a farmer, laborer, truck driver, and road maintenance worker. Byes also stated that these jobs required him to write reports and use technical skills and knowledge.

Beginning with a doctor's visit in September 2006, Byes sought treatment from medical professionals six times. Doctors diagnosed and treated him for a variety of conditions including: cellulitis, a tooth abscess, hernias, back and neck pain, headaches, myalgia, and arthritis.

An ALJ reviewed Byes's claim according to the five-step analysis in the Social Security regulations.[2] *See* **20 C.F.R. §§ 404.1520(a)-(f)**, **416.920(a)-(f)**. On December 16, 2009, the ALJ decided: (1) Byes had not engaged in substantial gainful activity since November 1, 2005, the alleged onset date; (2) Byes suffers from several severe impairments, including: arthritis, irritable bowel syndrome, hernia, and chronic obstructive pulmonary disease; (3) Byes does not have an impairment or combination of impairments so severe to automatically receive benefits; (4) Byes has the residual functional capacity to perform light work, and cannot perform any of his past relevant work as a laborer, farmer, road maintenance worker, and truck driver that require medium exertional levels; (5) considering Byes's age, education, work experience, and residual functional capacity, Medical-Vocational Rule 202.18 directs a finding of "not disabled." The ALJ concluded that Byes was not disabled from November 1, 2005 through the date of the decision.

---

[2]"The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment is or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work." ***King v. Astrue***, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

The district court agreed with the ALJ's decision, except for one point. Byes appeals, arguing that the ALJ's finding that he had no mental impairments is not supported by substantial evidence on the record as a whole. Byes also objects to the district court's harmless-error ruling.

This court reviews de novo the district court's decision affirming the denial of benefits. *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). This court reverses the findings of the Commissioner only if they are not supported by substantial evidence or result from an error of law. *See* **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *Johnson v. Astrue*, 627 F.3d 316, 319 (8th Cir. 2010). In this substantial-evidence determination, the entire administrative record is considered but the evidence is not reweighed. *Shelton v. Chater*, 87 F.3d 992 (8th Cir. 1996). *See also* **Lopex ex rel. Lopez v. Barnhart**, 336 F.3d 535, 539 (7th Cir. 2003). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *Travis*, 477 F.3d at 1040. In determining whether evidence is substantial, this court considers "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id.*, *citing* **Singh v. Apfel**, 222 F.3d 448, 451 (8th Cir. 2000). "If substantial evidence supports the Commissioner's conclusions, this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome." *Id.*

I.

Byes argues that the record as a whole presents an unresolved ambiguity whether he suffers from a severe mental impairment. The ALJ has a duty to fully and fairly develop the evidentiary record. *See* **Snead v. Barnhart**, 360 F.3d 834, 838 (8th Cir. 2004) ("Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case."). Failing to develop the record is reversible error when it does not contain

enough evidence to determine the impact of a claimant's impairment on his ability to work. ***Cox v. Apfel***, 160 F.3d 1203, 1209-10 (8th Cir. 1998). *See **Lauer v. Apfel***, 254 F.3d 700, 703-04 (8th Cir. 2001) (holding that an ALJ must obtain and consider medical evidence to support a determination of a claimant's residual functional capacity). If sufficient evidence alerts the ALJ to the possibility of a severe mental impairment, the ALJ must further develop the record about mental impairments before ruling on the severity of the claimant's impairment(s). *See **Gasaway v. Apfel***, 187 F.3d 840, 842 (8th Cir. 1999); ***Freeman v. Apfel***, 208 F.3d 687, 692 (8th Cir. 2000) ("[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." (citation and internal quotes omitted)).

The principal issue here is whether substantial evidence supports the ALJ's finding of no severe mental impairment (i.e., borderline intellectual functioning).

Byes focuses on the report of Dr. Hope M. Gilchrist, a licensed psychologist who examined Byes at the request of the Commissioner. Dr. Gilchrist noted his education history, reading and writing limitations, and Global Assessment of Functioning (GAF) score of 45. She explained, "I suspect he is either Borderline Intellectual Functioning or he has learning disabilities. . . . I am giving him a rule out[3] on Learning Disabilities and Borderline Intellectual Functioning." Borderline Intellectual Functioning describes individuals with IQs between 71 and 84. ***Thomas v. Sullivan***, 876 F.2d 666, 668 n.1 (8th Cir. 1989). Borderline Intellectual Functioning is recognized as a "significant nonexertional impairment." *See **Lucy v. Chater***, 113 F.3d 905, 908 (8th Cir. 1997); ***Cokerham v. Sullivan***, 895 F.2d 492, 496 (8th Cir. 1990).

---

[3]"Rule out" in a medical record means that the disorder is suspected, but not confirmed – i.e., there is evidence that the criteria for a diagnosis may be met, but more information is needed in order to rule it out. *See **United States v. Grape***, 549 F.3d 591, 593 n.2 (3d Cir. 2008).

Substantial evidence supports the ALJ's decision. Dr. Gilchrist noted that Byes has the capacity to cope with mental cognitive work demands as long as they were not to be read or written. Byes reported that he is able to pay bills, count change, handle his own finances, and had written reports and used technical skills and knowledge in his past jobs. He testified that he maintains a sizable garden and worked as a carpenter and mechanic. Holding jobs like these for several years, even with possible cognitive disabilities, supports the ALJ's finding of non-disabled. *See **Roberts v. Apfel***, 222 F.3d 466, 469 (8th Cir. 2000); ***Clark v. Apfel***, 141 F.3d 1253, 1255-56 (8th Cir. 1998). *See also **Miles v. Barnhart***, 374 F.3d 694, 699 (8th Cir. 2004).

Byes relies on three prior cases: *Thompson v. Sullivan*, 878 F.2d 1108 (8th Cir. 1989)*, Dozier v. Heckler*, 754 F.2d 274 (8th Cir. 1985), and *Gasaway v. Apfel*, 187 F.3d 840 (8th Cir. 1999). He argues that a single report that a claimant might have a severe mental impairment may indicate the absence of substantial evidence.

*Thompson* is inapplicable. That case addressed whether substantial evidence supported a finding that the claimant was engaged in substantial gainful activity, which precludes a finding of disability regardless of any impairments. ***Thompson***, 878 F.2d at 1110. While this court did order the exploration of any mental retardation issues based on a single report, that analysis was only to take place "if the analysis on remand reaches the state of determining the degree of impairment." ***Id.*** at 1111.

*Dozier* better parallels Byes's facts, in that very little evidence of a specific condition was available. ***Dozier***, 754 F.2d at 275-76. There, this court reversed and remanded because the lack of sufficient evidence for any finding, and the ALJ's failure to order a consultative examination, prevented the ALJ from making an informed decision. ***Id.*** at 276. True, little evidence here indicates that Byes has Borderline Intellectual Functioning. However, substantial evidence to the contrary allowed the ALJ to make an informed decision.

*Gasaway* was reversed and remanded because, while considerable evidence supported a finding of not disabled, multiple sources stated the contrary. The claimant in *Gasaway* had attended special education classes in school because of slow learning, had a verbal IQ of 69, and had "mental retardation" recorded in her medical history. This court found that the ALJ had not sufficiently developed the record. **Gasaway**, 187 F.3d at 843. The ample unequivocal evidence in *Gasaway* contrasts with the single "rule-out" mentioned in Byes's case, which does not indicate a severe mental impairment and is contradicted by substantial evidence.

II.

The district court found that the ALJ had applied the incorrect grid rule, using rule 202.18 in order to determine that Byes is not disabled. *See* **20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2, Rule 202.18.** The district court agreed with Byes that substantial evidence did not support a finding that he could perform light work. Nevertheless, it found that the ALJ's application of 202.18 was harmless error because, even if Byes is illiterate and limited to sedentary work, he would still be found "not disabled" under rule 201.23.

Byes believes that the ALJ's error was not harmless. He argues that if the ALJ had correctly found that he could not perform light work and had recognized his borderline-age situation, Byes was eligible for benefits under grid rule 201.17.

To show an error was not harmless, Byes must provide some indication that the ALJ would have decided differently if the error had not occurred *See **Van Vickle v. Astrue**, 539 F.3d 825, 830 (8th Cir. 2008) ("There is no indication that the ALJ would have decided differently . . . and any error by the ALJ was therefore harmless."); **Hensley v. Barnhart**, 352 F.3d 353, 357 (8th Cir. 2003) (holding that applying the incorrect grid rule is harmless error when a claimant is not disabled under the proper rule). Even if the ALJ had not erred, there is no indication that the ALJ would have decided differently.

The Commissioner

will not apply the age categories mechanically in a borderline situation. If [a claimant is] within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled, [the Administration] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case.

**20 C.F.R. § 404.1563(b)**.

The ALJ's error was harmless for three reasons. First, section 404.1563(b) does not require that an ALJ apply an older age category in borderline situations. According to the regulation, the ALJ is required only to "*consider* whether to use the older age category." **Id.** (emphasis added). *See* **Lockwood v. Commissioner**, 616 F.3d 1068, 1072-73 (9th Cir. 2010) ("It is clear from the text of this regulation that an ALJ is not required to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category."); **Bowie v. Commissioner**, 539 F.3d 395, 399-401 (6th Cir.2008) (holding that section 404.1563(b) "does not impose on ALJs a per se procedural requirement to address borderline age categorization in every borderline case").

Second, Byes's age was not borderline. When the ALJ issued the decision, Byes was almost eight months away from his 45th birthday. Because the borderline rule takes into account several factors besides age, there is no bright line for how many months constitute a borderline case. **Phillips v. Astrue**, 671 F.3d 699, 703-04 (8th Cir. 2012). However, eight months is too distant to be borderline. *See* **Bowie**, 539 F.3d at 397 (claimant less than two months from birthday is not borderline); **Lockwood**, 616 F.3d at 1072-74 (claimant only one month and three days from birthday is not borderline); **Van Der Maas v. Commissioner of Social Sec.**, 198 Fed. Appx. 521, 528 (6th Cir. 2006) (taking into account all factors surrounding claimant's application, 55 days is not borderline); **Roberts v. Barnhart**, 139 Fed. Appx. 418, 420

(3d Cir. 2005) (persons within five to six months of their birthday are not borderline); *Lambert v. Chater*, 96 F.3d 469, 470 (10th Cir. 1996)(seven months short of birthday is not borderline). The most favorable decision – holding that four months was borderline – comes from this court, and does not aid Byes. *Phillips*, 671 F.3d at 703-04.

Third, even if the ALJ had given Byes the benefit of the higher 45-49 age group, he would still have been not disabled. In addition to testifying that he could perform some reading and writing, Byes testified that his past work required him to write reports and have technical skills and knowledge. These abilities require the ALJ to apply grid rule 201.19, indicating a finding of "not disabled." Even if the ALJ had not erred in finding that Byes could do light work, Byes would not have been given the benefit of a higher age category.

The judgment of the district court is affirmed.

_____