Jackson v. Berryhill

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

CHRISTINA RENE JACKSON,

*Plaintiff-Appellant*,

v.                                                                      No. 16-1605

NANCY A. BERRYHILL, ACTING COMMISSIONER
OF SOCIAL SECURITY,

*Defendant-Appellee.*[1]

_____

FOR APPELLANT:          TIMOTHY HILLER, Law Offices of Kenneth Hiller PLLC, Amherst, NY.

FOR APPELLEE:           DANIELLA M. CALENZO, Special Assistant U.S. Attorney,

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Commissioner of Social Security Nancy A. Berryhill is automatically substituted for former Acting Commissioner of Social Security Carolyn W. Colvin as Defendant-Appellee.

Stephen P. Conte, Regional Chief Counsel-Region II, Office of the General Counsel, Social Security Administration, *for* James P. Kennedy, Jr., U.S. Attorney for the Western District of New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is VACATED and the case REMANDED with instructions to remand to the agency for further proceedings.

Plaintiff-appellant, Christina Rene Jackson, challenges the district court's affirmance of a determination by the Commissioner of Social Security that she is not entitled to Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") disability benefits. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we describe here only as necessary to explain our decision.

We review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3) to determine whether it is based upon the correct legal standards and supported by substantial evidence in the record as a whole. *See Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). In deciding whether the Commissioner's decision is supported by substantial evidence, we must be "satisfied that the claimant has had a full hearing." *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990) (internal quotation marks omitted). Specifically, when dealing with an unrepresented claimant, an ALJ has a "heightened duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.*

2

(internal quotation marks omitted).

In this case, the ALJ was presented with documentary and testimonial evidence suggesting that Jackson suffered from significant cognitive impairments. Although Jackson had worked as a certified nurse assistant for a number of years, there was evidence that she did not perform well, sometimes "forg[etting] about doing [her] job," A.R. 48, or even when she was scheduled to work, and needing instructions repeated to her. She managed by receiving help from others, including an unusually forgiving supervisor who would "take me in her office and just sit me in there and talk to me and try to figure out what's going on." *Id.* at 63. Jackson testified that she suffered from "memory problems" and could no longer work because her "mood changes" prevented her from focusing and concentrating. *Id.* at 51, 63. Medical records from her treating psychiatrist, Dr. Prakash P. Reddy, stated that Jackson "seems to be having cognitive problems" and noted that Jackson reported difficulties with memory and concentration at work. *Id.* at 419.

Moreover, records from the Rochester School District showed that Jackson had been classified as "learning disabled" in high school and required an individualized education plan; that she had been assessed as having "[l]ow average to borderline" cognitive function in high school; and that her math, reading, and written language skills remained at a seventh-grade level or lower at age 19. *Id.* at 332, 337. Although not before the ALJ, additional records of I.Q. testing during her middle school years submitted to the Appeals Council reflected Verbal I.Q. scores of 73 and 74, and Full Scale I.Q. scores of

3

78 and 83. Forms that Jackson filled out in connection with her application for disability benefits revealed confused responses and borderline literacy.

Those limitations were compounded, as Jackson grew older, by mental health issues and drug abuse. Mental health examinations as an adult recorded hallucinations, tangential thought forms, anxiety, poor concentration, a history of depression, suicidal ideation and self-cutting, and a diagnosis of bipolar disorder.

Despite acknowledging much of that evidence, the ALJ did not conduct further inquiry into Jackson's cognitive impairments and concluded that they were not as severe as Jackson claimed. That determination, however, was based in significant part on a serious error. The ALJ believed that Dr. Reddy, the treating psychiatrist, had "ruled out," or recorded in his notes that other health care professionals had "ruled out," diagnoses of cognitive disorder, bipolar disorder, and post-traumatic stress disorder. *Id.* at 28-29. As the Commissioner now concedes, however, the repeated references in the charts to rule out diagnoses, *id*. at 412, 418, indicated that the disorders were possible diagnoses that had *not* been ruled out, pending further evaluation, *see Byes v. Astrue*, 687 F.3d 913, 916 n.3 (8th Cir. 2012).

Particularly in light of this significant mis-evaluation of the record, we conclude that the ALJ's heightened duty to *pro se* claimants required more than was done here. Presented with historical evidence of Jackson's cognitive impairments during high school and indications that those impairments had persisted and might even have worsened, the ALJ should have further developed the record as to their present severity, rather than

4

halting the inquiry based on an erroneous conclusion drawn from ambiguous language in a medical record. The deficit in the record was not cured by the submission to the Appeals Council of I.Q. tests that were conducted two decades earlier, when Jackson was 11 and 14 years of age, and thus were of little relevance to assessing the extent of her cognitive impairments during the relevant period. Indeed, substantial evidence suggests that drug abuse, mental health issues, or other factors may have significantly worsened Jackson's condition. The ALJ herself repeatedly suggested that I.Q. tests would have assisted her in determining the severity of Jackson's cognitive impairments. Ordering such testing or taking other steps to obtain an objective evaluation of Jackson's cognitive abilities during the relevant period would have been consistent with the ALJ's "duty to adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered." *Cruz*, 912 F.2d at 11 (alteration and internal quotation marks omitted).

We have considered Jackson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is VACATED and REMANDED with instructions to the district court to remand the case to the agency for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5