# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 18-2746

———————————————

Randy Rhinehart

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner, Social Security Administration

*Defendant - Appellee*

————————

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

————————

Submitted: April 18, 2019
Filed: September 6, 2019
[Unpublished]

————————

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

————————

PER CURIAM.

Randy Rhinehart, who suffers from an intellectual disorder, applied for supplemental security income under the Social Security Act. The administrative law

judge ("ALJ") concluded that his limitations, although severe, do not rise to the level of a disability. The magistrate judge[1] affirmed, and so do we.

The ALJ determined that Rhinehart is not disabled for two reasons. *See* 42 U.S.C. § 1382c(a)(3)(A) (defining "disability," as relevant here, as an inability to work because of a "physical or mental impairment"). First, his intellectual disorder is not severe enough to qualify as a "listed impairment." *See* 20 C.F.R. pt. 404, subpt. P, app. 1; *Carlson v. Astrue*, 604 F.3d 589, 592 (8th Cir. 2010) ("If the ALJ finds that a claimant has an impairment that meets or equals one of the listings, then the claimant will be found disabled."). Second, jobs for someone with Rhinehart's limitations exist in the national economy.

In reviewing these determinations, we do not "reweigh the evidence presented to the ALJ." *Johnson v. Colvin*, 788 F.3d 870, 872 (8th Cir. 2015) (citation omitted). Rather, we will affirm if they are supported by "substantial evidence" in the record as a whole, "even if inconsistent conclusions may be drawn from the evidence, and even if we may have reached a different outcome." *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

We begin with the ALJ's finding that Rhinehart did not establish a listed impairment. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05B. According to the ALJ, he met one requirement—"[s]ignificantly subaverage general intellectual functioning"—but not the other—"[s]ignificant deficits in adaptive functioning." *Id.* Rhinehart attempted to establish that he suffered from adaptive-functioning deficits through proof that he had "marked" limitations in his ability to both "[i]nteract with others" and "[c]oncentrate, persist, or maintain pace." *Id.* § 12.05B(2)(b), (c); *see also id.* § 12.00F(2) (explaining the five-point scale for characterizing limitations under section 12.05(b)). The ALJ found that the evidence did not establish "marked" limitations in either.

---

[1]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom this case was referred for final disposition by consent of the parties under 28 U.S.C. § 636(c).

His deficits in interacting with others are, according to the ALJ, mild. The ALJ relied primarily on the testimony of a psychologist who met with Rhinehart on several occasions and reported that Rhinehart had a positive attitude, behaved calmly, and put forth good effort. Rhinehart himself testified that he helps his grandmother, visits his mother, and has volunteered at the local fire department. Even if there is evidence in the record suggesting that Rhinehart struggles with anger-management issues in his interpersonal relationships, substantial evidence still supports the ALJ's finding that his difficulties in this area are mild. *See Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012) (noting that "this court does not reverse even if it would reach a different conclusion, or merely because substantial evidence also supports the contrary outcome" (citation omitted)).

Substantial evidence also supports the ALJ's finding that Rhinehart is only moderately limited in his ability to "[c]oncentrate, persist, or maintain pace." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05B(2)(c). The psychologist who evaluated him found that he has "average attention and concentration" because he can perform basic tasks like remembering numbers and recalling unrelated words.

To be sure, the psychologist also said that Rhinehart is easily distracted and would not be able to work without supervision. But the ALJ rejected those aspects of the psychologist's opinion based on other evidence in the record, including Rhinehart's testimony about the daily activities he performs—like shopping, preparing simple meals, and fishing—without ongoing supervision. It is the ALJ's responsibility to weigh conflicting evidence, *see Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017), not ours.

There is also substantial evidence that jobs exist for Rhinehart in the national economy. Responding to a hypothetical question from the ALJ, a vocational expert testified that positions are available for those like Rhinehart who have the ability to perform only "simple, routine, [and] repetitive tasks" that require minimal training. Rhinehart protests that the question did not accurately capture his limitations. But this argument, like his others, just reflects the fact that Rhinehart has a fundamentally

different view of the evidence than the ALJ.  In evaluating the vocational expert's testimony, the ALJ was entitled to rely on his own findings, not those that Rhinehart wishes he would have made.  *See Byes*, 687 F.3d at 915-16.

The judgment is accordingly affirmed.

_____