# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1284
_____

Anthony Loren Key

*Plaintiff - Appellant*

v.

Martin O'Malley,[1] Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: December 15, 2023
Filed: June 4, 2024
[Unpublished]

_____

Before SMITH, Chief Judge,[2] GRUENDER and GRASZ, Circuit Judges.

_____

PER CURIAM.

---

[1]Martin O'Malley has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]Judge Smith completed his term as chief judge of the circuit on March 10, 2024. *See* 28 U.S.C. § 45(a)(3)(A).

Anthony Loren Key appeals from the district court's[3] order affirming the Commissioner of Social Security's denial of Key's claim for disability insurance benefits under Title II of the Social Security Act. Key argues that the administrative law judge (ALJ) used the old standard in 20 C.F.R. § 404.1527 to evaluate medical source opinions and prior administrative medical findings instead of 20 C.F.R. § 1520c, which applies to claims filed on or after March 27, 2017. He additionally argues that the ALJ's decision is against the overwhelming weight of the evidence because the ALJ did not address several key pieces of objective medical evidence. We disagree and affirm.

## I. *Background*

On September 18, 2018, Key applied for disability insurance benefits based on ongoing problems resulting from a lower back injury he suffered at work. To establish entitlement to disability insurance benefits, Key was required to show that he was disabled during a three-week period between December 11, 2017—the alleged disability onset date—and December 31, 2017—the date last insured. *See id.* §§ 404.130–.131. The ALJ denied benefits, and Key appealed. The Appeals Council concluded that the ALJ had applied the incorrect legal standard to evaluate the medical opinion evidence, stating:

> Although the claimant filed the claim for a period of disability and disability insurance benefits on September 18, 2018, the hearing decision indicates the [ALJ] considered the opinion evidence of record pursuant to 20 CFR 404.1527 (Decision, pages 7–8). *For disability claims filed on or after March 27, 2017, an [ALJ] must articulate the persuasiveness of all of the medical opinions and prior administrative medical findings (20 CFR 404.1520c(b)).* In assessing the persuasiveness of medical opinions and prior administrative medical

---

[3]The Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

findings, an [ALJ] must explain how he or she considered their consistency with other evidence of record, and their supportability (20 CFR 404.1520c(b)(2)). The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical and nonmedical sources, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be (20 CFR 404.1520c(c)(2)[)]. In terms of supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be (20 CFR 404.1520c(c)(1)). *Consideration of the opinion evidence of record in accordance with 20 CFR 404.1520c is required*.

A.R. at 196 (emphases added). The Appeals Council remanded with instructions for the ALJ to apply the correct, amended version of the rule. *See* 20 C.F.R. § 404.1520c.

On remand, the ALJ acknowledged the Appeals Council's directive to apply § 404.1520c and confirmed his compliance with the directive, stating:

In its remand order, [the] Appeals Council directed the undersigned to evaluate the medical source opinions and prior administrative medical findings pursuant to the provisions of 20 CFR 404.1520c. . . . In compliance with the above, I have offered the claimant an opportunity for a hearing, taken the necessary action needed to complete the administrative record, and issued a new decision.

A.R. at 16. Ultimately, the ALJ once again rendered an unfavorable decision. Relevant to the present appeal, the ALJ found "that, through the date last insured, [Key] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he was able to occasionally climb ramps and stairs, and occasionally stoop and crouch." *Id.* at 21 (emphasis omitted). In making this finding,

the ALJ stated that he had "considered opinion evidence in accordance with the requirements of *20 CFR 404.1527*." *Id.* (emphasis added).[4]

Key appealed, and the Appeals Council denied review. Key then sought judicial review, arguing that the ALJ had again applied the incorrect legal standard in evaluating the medical opinion evidence and that the denial of benefits was not supported by substantial evidence. The district court affirmed the denial of benefits, reasoning that, although the ALJ had erroneously *cited* to the old version of the rule, it was likely inadvertent because the ALJ had actually *applied* the correct legal standard. The district court further concluded that the ALJ's decision was supported by substantial evidence.

## II. *Discussion*

On appeal, Key argues that the ALJ's citation to the incorrect rule to evaluate medical opinion evidence was not harmless error. He also argues that the ALJ's decision is not supported by substantial evidence because the ALJ ignored two pieces of evidence: a low back CT/myleogram performed in July 2018 and a Functional Capacity Evaluation (FCE) performed in December 2018.

We apply a de novo standard of review to a "district court's decision upholding the denial of social security benefits. When considering whether the ALJ properly denied social security benefits, we determine whether the decision is based on legal error, and whether the findings of fact are supported by substantial evidence in the

[4]*See also id.* at 23 ("[A] statement by a medical source that a claimant is 'disabled' does not mean that the claimant meets the statutory definition of disability, which is an issue reserved to the Commissioner (20 CFR 404.1527(d))."); *id.* at 24 ("[A] statement by a medical source that a claimant is 'disabled' does not mean that the claimant meets the statutory definition of disability, which is an issue reserved to the Commissioner (20 CFR 404.1527(d)).")

record as a whole." *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000) (citation omitted).

## A. *Legal Standard*

Key argues that the ALJ "used an incorrect legal standard to evaluate the medical opinion evidence in this case." Appellant's Br. at 9. He asserts that the error is not harmless. The Commissioner counters that the substance of the ALJ's decision followed the correct standard.

"The way in which ALJs review medical-opinion evidence changed on March 27, 2017, following the promulgation of 20 C.F.R. § 404.1520c." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023). Section 404.1527 "still applies" to "claims filed prior to that date." *Id.* Section 404.1527 "requires the ALJ to assign more weight to medical opinions from a claimant's treating source or to explain why good cause exists to disregard the treating source's opinion." *Grant v. Soc. Sec. Admin., Comm'r*, No. 21-12927, 2022 WL 3867559, at *1 (11th Cir. Aug. 30, 2022) (per curiam). By contrast, the new regulation requires an ALJ to consider five factors "when determining the persuasiveness of medical opinions": supportability, consistency, relationship with the claimant, specialization, and other factors. *Oakes*, 70 F.4th at 212 (citing 20 C.F.R. § 404.1520c(c)(1)–(5)). Because Key "filed his claim post-promulgation of 20 C.F.R. § 404.1520c," the "new regulation" applies. *Id.*

Here, the ALJ cited § 404.1527, the inapplicable regulation, three times. The ALJ's citation to the incorrect regulation on three occasions, however, is harmless error. Despite the erroneous references to the supplanted regulation, the ALJ applied the correct standard set forth in the revised regulations. *See Byes v. Astrue*, 687 F.3d 913, 917–18 (8th Cir. 2012). First, the ALJ correctly cited 20 C.F.R. § 404.1520c at the outset of the opinion, acknowledging the Appeals Council's directive to apply the new regulation on remand. *See* A.R. at 16 ("In its remand order, Appeals Council

directed the undersigned to evaluate the medical source opinions and prior administrative medical findings pursuant to the provisions of 20 CFR 404.1520c.").

Second, consistent with the substantive requirements of § 404.1520c, the ALJ did not assign weight to any of the opinions or prior administrative medical findings, but instead determined their persuasiveness. *See* A.R. at 23 (finding Dr. Judee Bland's opinion "persuasive" but finding Dr. Kenneth Dugan's, DeAnn Thompson's, and Barry Rineer's opinions "not persuasive"); *id.* at 24 (finding Dr. Ted Lennard's and Dr. David Volardish's opinions "not persuasive"). The ALJ also evaluated the supportability and consistency factors, as § 404.1520c requires. *See id.* at 23 (finding Dr. Bland's opinion "consistent with the medical evidence during the relevant period" but finding Dr. Dugan's, Thompson's, and Rineer's opinions "inconsistent with the medical evidence during the relevant period"); *id.* at 24 (finding Dr. Lennard's and Dr. Volardish's opinions "inconsistent with the medical evidence during the relevant period").

Third, two of the ALJ's citations to § 404.1527(d) are consistent with § 404.1520b(c)(3)(i). *Compare* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."), *with* 20 C.F.R. § 404.1520b(c)(3)(i) (explaining that "[s]tatements that you are or are not . . . able to work, or able to perform regular or continuing work" are "inherently neither valuable nor persuasive").

B. *Substantial Evidence*

Key argues that the ALJ's decision is not based on substantial evidence because "the ALJ completely ignored two crucial pieces of evidence." Appellant's Br. at 10. These pieces of evidence are: (1) a CT/myelogram performed in July 2018

-6-

revealing that Key has "degenerative dis[c] disease and spondylosis at L4-5 with moderate to severe right neuroforaminal stenosis and impingement of the L4 nerve root," *id.* at 16 (emphasis omitted); and (2) a Functional Capacity Evaluation administered by Brandon Lane, DPT, in December 2018 in which Lane "opined that [Key] could work part-time in the Light physical demand category," *id.* at 17 (emphasis omitted). In response, the Commissioner asserts that Key's argument fails "[b]ecause the cited evidence does not reasonably relate to [his] physical functioning during the relevant period. *Id.* at 19.

The Commissioner is correct. Key does not dispute the ALJ's finding that he "must establish disability on or before" his date last insured. A.R. at 17; *see also* 20 C.F.R. §§ 404.130–.131; *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014).Yet Key faults the ALJ for ignoring evidence from *after* the date that Key was last insured. The relevant period was a three-week period in December 2017. Key relies on tests that occurred in 2018, after the relevant period. The ALJ permissibly did not consider this evidence, and substantial evidence on the record as a whole supports the decision.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____